

## NUMBER 13-14-00216-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

DALE HENDERSON,                                                                        Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

**On appeal from the Criminal District Court
of Jefferson County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Dale Foster Henderson a/k/a Dale Austin Henderson, was convicted of

possession of a prohibited substance (specifically, an unspecified amount of heroin) while

in a correctional facility and sentenced to imprisonment for twenty years.  *See* TEX. PENAL

CODE ANN. § 38.11(a)(1) & (g) (West, Westlaw through 2013 3d C.S.). Appellant's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.[1]

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided the appellant with copies of the pleadings; (3) informed the appellant of his rights to file a pro se response and to review the record preparatory to filing that response; and (4) provided appellant with a copy of the appellate record. *See Anders*, 386 U.S. at

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont, Texas pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

744; *Kelly*, 436 S.W.3d at 319, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.[2]

More than a reasonable amount of time has elapsed since counsel provided appellant with a copy of the appellate record, and appellant has not filed a pro se response. The State has also not filed a brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, the Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). The Court has two options when an *Anders* brief and a motion to withdraw are filed. After reviewing the entire record, it may (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the Court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

The Court has reviewed the entire record, counsel's brief, and counsel's motion to withdraw, and the Court has found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the Court affirms the trial court's judgment.

---

[2] The Court previously issued an order on July 8, 2014 directing appointed counsel to provide appellant with a form motion for pro se access to the appellate record. However, counsel has filed an amended *Anders* brief informing the Court that he has already provided appellant with an actual copy of the appellate record on May 2, 2014. Therefore, the Court concludes that the order entered on July 8, 2014 is moot and proceeds to the final disposition of the appeal.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked the Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). The Court grants counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).[3]

                                          Nora L. Longoria
                                          Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of October, 2014.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by the Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.